## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DALTON SZYMBORSKI,**

    **Plaintiff,**

**v.**                      **Case No.:**

**VERTICON WIRELESS, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DALTON SZYMBORSKI ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, VERTICON WIRELESS, INC. ("Defendant"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and unpaid wages under Florida common law.

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.     Venue is proper in the Middle District of Florida, because the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4.     Plaintiff is a resident of Pasco County, Florida.

5.     Defendant is authorized to do business, and doing business in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6.      Plaintiff has satisfied all conditions precedent, or they have been waived.

7.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.      Plaintiff requests a jury trial for all issues so triable.

9.      At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11.     At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12.     Defendant continues to be an "employer" within the meaning of the FLSA.

13.     At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

15.     Plaintiff was employed by Defendant as a non-exempt employee.

## FACTS

16.     Plaintiff worked for Defendant from in or around May 2014 until in or around September 2015, as a tower technician.

17.     At all times material hereto, Plaintiff was entitled to be paid in a timely manner for the work that he performed for Defendant.

2

18.     Defendant failed to compensate Plaintiff for a number of hours that he worked. Specifically, Defendant refused to pay Plaintiff for the hours worked while driving between jobs in a company vehicle.

19.     At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

20.     As a non-exempt employee, Plaintiff was entitled to be paid an overtime premium for all of the hours in excess of forty (40) hours per week that Plaintiff worked. Specifically, Plaintiff was entitled to be compensated for all of the overtime hours that he worked at a rate equal to one and one-half times Plaintiff's regular hourly rate.

21.     Defendant failed to pay Plaintiff the overtime premium mandated by the FLSA for all of the overtime hours that Plaintiff worked.

22.     Prior to filing the instant action, Plaintiff complained to Defendant that he was not receiving payment for his overtime hours in violation of his rights under the FLSA.

23.     In retaliation of his complaint of FLSA violations, Plaintiff was not given additional work by Defendant.

24.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

25.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

26.     During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

3

27.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

28.     As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

   a)   Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

   b)   Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

   c)   An equal amount to Plaintiff's overtime damages as liquidated damages;

   d)   To the extent liquidated damages are not awarded, an award of prejudgment interest;

   e)   A declaratory judgment that Defendant's practices as to Plaintiff were unlawful;

   f)   All costs and attorney's fees incurred in prosecuting these claims; and

   g)   For such further relief as this Court deems just and equitable.

## COUNT II – FLSA RETALIATION

29.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

30.     Plaintiff engaged in protected activity under the FLSA.

31.     Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

32.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

4

33.     Plaintiff was injured due to Defendant's violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FLSA;

(d)     Compensation for lost wages, benefits, and other remuneration;

(e)     Compensatory damages, including emotional distress, allowable at law; and

(f)     For such further relief as this Court deems just and equitable.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

34.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

35.     Plaintiff worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiff for Plaintiff's services.

36.     Defendant failed to and refused to compensate Plaintiff the agreed to wage owed to Plaintiff in a timely manner.

37.     As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

5

d)      All costs and attorney's fees incurred in prosecuting these claims, in

accordance with Fla. Stat. §448.08; and

e)      For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this __12th__ day of October, 2015.

Respectfully submitted,

_____

**LUIS A. CABASSA**
Florida Bar Number: 0053643
Direct No.: 813-379-2565
**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
Direct No. 813-321-4086
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
E-mail: lcabassa@wfclaw.com
E-mail: csaba@wfclaw.com
E-mail: mkimbrough@wfclaw.com
**Attorneys for Plaintiff**

6